```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
                                :
MICHAEL BURGESS,                :
          Petitioner,           :
                                :       09 Civ. 9151 (BSJ)(THK)
            v.                  :       Memorandum & Order
                                :
JAMES CONWAY,                   :
Superintendent, Attica          :
Correctional Facility           :
          Respondent.           :
--------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the objections of Petitioner Michael Burgess ("Petitioner") to the Report and Recommendation ("R&R") of Magistrate Judge Theodore H. Katz recommending the denial of Burgess's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Court adopts the R&R consistent with this opinion, overrules Petitioner's objections, and DENIES his petition.

### PROCEDURAL BACKGROUND[1]

On March 10, 2004, following a jury trial in New York State Supreme Court, Bronx County, Petitioner was convicted of murder in the second degree and criminal possession of a weapon in the second degree. Upon conviction, Petitioner was sentenced to an indeterminate term of imprisonment of

---

1 The facts and procedural history of this case are set forth in detail in the R&R. The Court presumes familiarity with the R&R.

twenty-five years to life and a determinate term of imprisonment of fifteen years, respectively, to be served concurrently.

On November 3, 2009, Petitioner timely filed the instant petition for a Writ of Habeas Corpus. He alleged that: (1) he was denied effective assistance of trial counsel because trial counsel failed to use a DD-5 police report both to argue that the prosecution had failed to establish probable cause to arrest him at a suppression hearing and to impeach the prosecution's primary witness at trial; and (2) the Appellate Division erred in ruling that a witness's single-photo identification was merely confirmatory and was not unduly suggestive. On June 1, 2010, the Government filed a Declaration in Opposition to this habeas petition.

The Court referred the instant petition to Magistrate Judge Katz for a Report and Recommendation. On October 21, 2010, Magistrate Judge Katz issued a report ("R&R") recommending the denial of the instant petition. On November 5, 2010, Petitioner filed his Objection to the Magistrate Judge's Report and Recommendation.

## LEGAL STANDARD

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), when a magistrate judge has issued findings

2

or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews de novo any portions of a Magistrate Judge's report to which a petitioner or other party has stated an objection. 28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Where no objections are filed, or where the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)(citations and quotations omitted).

## DISCUSSION

Petitioner's objections are largely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition and the supporting papers.

Petitioner makes only one argument that the Magistrate Judge does not specifically address. He argues that trial counsel's decision not to impeach Washington's credibility with the DD-5 report was not a strategic choice but rather the result of his failure to appreciate that the DD-5 report created an inconsistency in Washington's testimony

3

relating to the exact date that Washington identified the defendant. (See Affirmation of Allan Morofsky, dated March 26, 2009 at 1-2, attached as Ex. 6 to Resp't Mem.) The Court rejects this argument. A review of the hearing and trial transcripts fails to persuade the Court that this contention is anything more than sheer speculation. For the reasons stated in the R&R, the Court credits trial counsel's affirmation that he "considered the DD-5 report to represent, at best, a minor inconsistency" and chose instead to focus his efforts on emphasizing Washington's more serious credibility issues.

Accordingly, the Court reviews the R&R for clear error. The Court finds the R&R thorough, well-reasoned, and not clearly erroneous. Accordingly, the Court adopts the R&R's recommendation that the Petition be dismissed.

**CONCLUSION**

For the reasons stated above, the Court adopts the R&R in its entirety, overrules Petitioner's objections, and DENIES Burgess's Petition for a Writ of Habeas Corpus. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129

4

F.3d 255, 259-60 (2d Cir. 1997). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this order would not be taken in good faith. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         July 5, 2011